JUSTICE LEAPHART
dissenting.
¶38 I dissent from the ruling on issue two. Samson has appealed from the District Court’s denial of her motion to disallow testimony of Ken Baker. Baker, an FBI profiler, offered expert testimony concluding that it was not foreseeable that Bercier would escape from YEP and would act violently and shoot Mark. In her motion, Samson argued that Baker’s “profile” of Bercier was little more than projection of his own issues, needs and morality. She contended that such “opinion” from a non-psychologist “is the epitome of‘junk,’” is not scientific, and does not assist the trier of fact to understand the evidence, as required by Rule 702, M.R.Evid. On appeal she contends that Baker’s “profile” testimony did not involve any legitimate area of specialized knowledge and thus does not come within Rule 702. Rule 702, M.R.Evid., provides as follows:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.
¶39 I agree with Samson that “profiling” was not established as a scientific or specialized area of knowledge which would assist the trier of fact in determining the question of whether Bercier’s actions were foreseeable. The District Court erred in not granting Samson’s motion to disallow the expert “profile” testimony of Ken Baker. I would reverse Samson’s conviction and remand for a new trial.